IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDERSON, | Case No. 1:09-cv-01029 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| A. HEDGPETH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court is Plaintiff's complaint filed June 12, 2009.

I.   **SCREENING**

   A.   **Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give
2  the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests.
3  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint
4  need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as
5  true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.
6  Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are
7  insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
8  1982).

## II.     THE COMPLAINT

10       In his complaint, Plaintiff identifies the following as defendants to this action: (1) the Director
11  of the California Department of Corrections and Rehabilitation ("CDCR"); (2) Warden Hedgpeth; (3)
12  Correctional Officer Sweeney; (4) Correctional Officer Ohanneson; and (5) Correctional Sergeant Ward.
13  Plaintiff alleges as follows.  On June 12, 2008, Defendant Sweeney electronically released Plaintiff from
14  his cell.  As Plaintiff stood in front of his cell door, pursuant to prison protocol, inmate Jefferson stepped
15  out of his cell and attempted to throw a punch at Plaintiff.  Plaintiff evaded the initial assault and
16  retreated backwards in a defensive position.  Nevertheless, inmate Jefferson continued to pursue
17  Plaintiff.  (Compl. at 1, 5-6.)

18       A few moments later, Plaintiff heard a gunshot and saw a large projectile fly by.  Plaintiff
19  contends that the gunshot was fired by Defendant Ohanneson using a 40 mm Multiple Baton Launcher
20  ("MBL").  Inmate Jefferson momentarily halted his attack but soon recommenced.  Seconds later,
21  Plaintiff heard a second gunshot.  This time the projectile struck Plaintiff on the left side of his face,
22  causing Plaintiff to temporarily lose consciousness.  Plaintiff contends that the second gunshot was fired
23  by Defendant Sweeney, also with a 40 mm MBL.  (Compl. at 6-7.)

24       Plaintiff was immediately taken to Kern Medical Center.  There, Plaintiff was treated for his
25  injuries, which included swelling and lacerations on the left side of his face.  Plaintiff also suffered a
26  rupture in his left eye.  According to a memorandum by Chief Medical Officer Lopez, it is uncertain as
27  to whether Plaintiff will ever regain sight out of his left eye.  (Compl. at 8-10, Appx. A1 & A3.)

28       In Plaintiff's view, inmate Jefferson's attack was premeditated and orchestrated, at least in part,

by prison officials. According to Plaintiff, he and inmate Jefferson were once cellmates, but due to an incompatible living arrangement the two were moved into separate housing units by Defendant Ward. However, the day prior to the attack, Plaintiff was abruptly moved to a housing unit adjacent to that of inmate Jefferson. Moreover, on the day of the attack, the correctional officer typically stationed to ensure prisoner safety during cell release was conspicuously absent. (Compl. at 10-12.)

Based on the above allegations, Plaintiff appears to claim that: (1) Defendant Sweeney used excessive force against him in violation of the Eighth Amendment; (2) prison officials failed to protect him in violation of the Eighth Amendment; (3) and the Director of the CDCR and Warden Hedgpeth failed to properly train Defendants Sweeney and Ohanneson in the use of the 40 mm MBL. Plaintiff also presents several state law claims. In terms of relief, Plaintiff seeks monetary damages and injunctive relief. (Compl. at 13-17.)

## III. DISCUSSION

### A. Eighth Amendment - Excessive Force

Plaintiff claims that Defendant Sweeney used excessive force against him in violation of the Eighth Amendment. "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the Court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Here, Plaintiff's allegations fail to demonstrate that Defendant Sweeney's use of force was applied "maliciously and sadistically to cause harm" (Hudson, 503 U.S. at 7) and are similar to those raised in Jeffers v. Gomez, 267 F.3d 895 (9th Cir. 2001). In Jeffers, the plaintiff was shot by a errant bullet when prison officials were attempting to quell a prison disturbance. Id. at 901. Inmates were involved in the prison yard, race riot and many were armed with makeshift stabbing weapons. Id. at 901-

902.  When the defendants fired their weapons at the inmates, it was done to prevent serious injury or death of others and was done while the fray was ongoing.  Id.  Jeffers was shot mistakenly when one of the defendants fired at the inmate who was attempting to stab Jeffers with a five-to-six inch nail that had been fashioned onto a plastic handle.  Id. at 902.

Similarly, here Plaintiff alleges that he and inmate Jefferson became embroiled in a physical altercation which Defendants Ohanneson and Sweeney attempted to quell.  In firing her 40 mm MBL, Defendant Sweeney appears to have sought to restore and, in fact restored, prison order.  Although Plaintiff appears to disagree with the degree of force used by Defendant Sweeney, the Court is not in a position to simply second-guess whether Defendant should have deployed less forceful measures.  Rather, as discussed above, the core judiciary inquiry "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id.  Because there is no indication that Defendant Sweeney applied force for the very purpose of causing harm, Plaintiff has failed to state a cognizable excessive force claim.

**B.     Eighth Amendment - Failure to Protect**

Plaintiff claims that prison officials were complicit in inmate Jefferson's assault and failed to protect him.  Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety."  Farmer, 511 U.S. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious."  Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind.  Prison officials must have known of and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

Plaintiff's allegations are too vague to state a cognizable claim.  In his complaint, Plaintiff suggests that prison officials knew that inmate Jefferson was hostile to him.  Plaintiff also alleges that prison officials deliberately moved him to a housing cell adjacent to that of inmate Jefferson.

5

1 Nevertheless, to warrant relief under § 1983, Plaintiff must affirmatively link these actions to specific
2 defendants. See Rizzo, 423 U.S. at 370-71. It is insufficient for Plaintiff to simply allege that prison
3 officials, in general, were somehow complicit in the assault. Accordingly, Plaintiff vague allegations
4 fail to state a cognizable failure to protect claim.

**C.    Supervisory Liability**

Plaintiff claims that the Director of the CDCR and Warden Hedgpeth failed to properly train Defendants Sweeney and Ohanneson in the use of the 40 mm MBL. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). In other words,"[u]nder § 1983 a supervisor is only liable for his own acts. Where the constitutional violations were largely committed by subordinates the supervisor is liable only if he participated in or directed the violations." Humphries v. County of Los Angeles, 554 F.3d 1170, 1202 (9th Cir. 2009).

A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214. See also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Here, Plaintiff's claim that the Director of the CDCR and Warden Hedgpeth failed to adequately train their subordinates rests solely on the allegation that Defendants Sweeney and Ohanneson missed their intended targets when they fired their weapons. However, missing a target does not alone demonstrate that Defendants were inadequately trained. A prison official might fire a weapon and miss the intended target for a myriad of reasons, all unrelated to training. Plaintiff must therefore allege facts to support his otherwise conclusory claim. In particular, Plaintiff must specify which aspects of Defendants' training were deficient and how those deficiencies caused Defendants to use excessive

6

force.

### D. State Law Claims - Negligence

Lastly, Plaintiff presents several state law claims for negligence against Defendants Sweeney and Ohanneson for the use of force and against the Director of the CDCR and Warden Hedgpeth for failing to adequately train subordinates in the use of force.

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974). Thus, in pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 627 (1988).

Plaintiff fails to demonstrate in his complaint that he has complied with CTCA's presentation requirement. Unless Plaintiff is able to do so, he may not proceed with his state law claims in this action. See id.

### E. Leave to Amend

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an

amended complaint, his original pleadings are superceded and no longer serve any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **November 6, 2010**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE