IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDERSON, | Case No. 1:09-cv-01029 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| vs. | (Doc. 18) |
| A. HEDGPETH, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed November 8, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that it failed to state a cognizable claim. (Doc. 12.) Noting that pro se litigants must be given leave to amend unless it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), the Court explained to Plaintiff why the complaint was deficient and granted Plaintiff thirty days leave to file an amended complaint.

On November 29, 2010, Plaintiff filed a motion for a sixty-day extension of time to file an amended complaint. (Doc. 13.) By order filed December 7, 2010, the Court found good cause and granted Plaintiff's motion. (Doc. 16.) Plaintiff was afforded an additional sixty days to file an amended complaint in this action. The sixty-day period expired, however, and Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order.

On February 14, 2011, the Court issued an order to show cause. (Doc. 18.) Plaintiff was ordered to, within twenty-one days of the date of service of the order, file an amended complaint and show cause in writing why this action should not be dismissed for Plaintiff's failure to prosecute. The Court also firmly warned Plaintiff that failure to comply with the Court's orders would result in the dismissal of the case. Nevertheless, the twenty-one day period expired, and Plaintiff once again failed to respond to the Court's orders.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986).

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal is appropriate and warranted. The case has been pending for over a year. Now, when it is ready to proceed, Plaintiff has absented himself from the process and has failed to take the necessary steps to prosecute his claims.

1    The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because

2    a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

3    Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  In part due to the Court's crushing case

4    load, this matter has been pending since 2009.   However, this Court has turned its attention to

5    Plaintiff's case and, by all accounts, Plaintiff has abandoned his responsibility to this matter.  The

6    Court has attempted to prompt Plaintiff into action with its orders, most notably its Order to Show

7    Cause.  (Doc. 18.)  However, Plaintiff has failed to respond to those orders in any fashion.  Under

8    these facts, the Court finds Plaintiff's delay in prosecution of this action to be unreasonable.

9    Alternatives, less drastic than dismissal, do not appear to be realistic.  Because Plaintiff is

10   proceeding in forma pauperis, monetary sanctions are not a viable option.  Likewise, given the

11   history of this case, the Court has little confidence that another warning or further admonitions would

12   result in Plaintiff taking action.  The Court has already warned Plaintiff that his failure to respond

13   would result in the dismissal of this action but those orders have not spurred Plaintiff into action.[1]

14   (Docs. 12 & 18.)  Thus, the Court finds that there is no reasonable alternative to dismissal.

15   The Court recognizes that public policy favors disposition of cases on the merits and has

16   factored this consideration into its decision.  However, securing a disposition on the merits in this

17   case will likely come only at a price that substantially compromises the public's interest in

18   expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's

19   interest in a legal process free from unreasonable delay.  Consequently, the Court finds that this

20   factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors

21   favoring dismissal of this action.

22   Accordingly, it is **HEREBY ORDERED** that this action is **DISMISSED** without prejudice

23   for Plaintiff's failure to prosecute.

24   IT IS SO ORDERED.

25   Dated:  __March 14, 2011__                          _____/s/ Jennifer L. Thurston_____
                                                         UNITED STATES MAGISTRATE JUDGE
26

27

28   _____

     [1]  The Court's warning to a party that his failure to obey the Court's order is sufficient to satisfy the
     "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779
     F.2d at 1424.